UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-20863-CIV-MOORE/GARBER

SECURITIES AND EXCHANGE COMMISSION

        Plaintiff,

v.

PENSION FUND OF AMERICA L.C.
PFA ASSURANCE GROUP, LTD.,
PFA INTERNATIONAL, LTD., CLAREN TPA,
LLC, LUIS M. CORNIDE, AND ROBERT
DE LA RIVA,

        Defendants.
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST ROBERT DE LA RIVA

Defendant Robert De la Riva, by the Consent (DE # 574-4) attached to the Plaintiffs Motion to Approve Consent Judgment (DE # 574), without admitting or denying the allegations of the complaint filed by the Securities and Exchange Commission, except that he acknowledges service of the complaint on him and admits the jurisdiction of this Court over him and over the subject matter of this action, has agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief Against Robert De la Riva ("Final Judgment"). De la Riva has furthermore waived findings of fact and conclusions of law and has waived any right to appeal from this Final Judgment. This Court, having accepted De la Riva's Consent and having jurisdiction over De la Riva and the subject matter of this action, and being fully advised in the premises, orders as follows:

**I.**

## FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO DE LA RIVA

**IT IS ORDERED AND ADJUDGED** that De la Riva, his directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, are restrained and enjoined from:

### Section 17(a)(1) of the Securities Act of 1933

A.   Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77q(a)(1).

### Section 17(a)(2) & (3) of the Securities Act of 1933

B.   Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3).

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

C.   Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices,

2

schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

### Section 15(a)(1) of the Securities Exchange Act of 1934

D.  Directly or indirectly, making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of securities, while acting as a broker or dealer engaged in the business of effecting transactions in securities for the accounts of others, but not registered as a broker-dealer in accordance with Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1).

## II.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that De la Riva is liable for disgorgement of $9,930,350, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest on disgorgement of $1,208,808.79, for a total of $11,139,158.79. Based on De la Riva's sworn representations in his Statement of Financial Condition dated December 29, 2006 and other documents and information submitted to the Commission, the Court is waiving payment of all but the following disgorgement:

De la Riva's payment to date of $2,441,351.55 in cash and other assets to the Court-appointed Receiver, Thomas G. Schultz; and

De la Riva's future payment of 85 percent of the equity in his homestead located at 5000 Hammock Park Drive, Coral Gables, Florida 33156 to the Receiver, following the Receiver's sale of the homestead pursuant to terms memorialized in a separate agreement between the Receiver and De la Riva and also filed with this Court; the equity representing the proceeds of the sale less payment of the existing mortgage to Gibraltar Bank and any payments to the Internal Revenue Service as a result of the existing lien on the homestead. The parties estimate that the 85 percent payment will amount to $1,969,492.38 based on the existing appraised value of the homestead, the mortgage, and the anticipated payments due to the IRS, although circumstances may cause that amount to change. By making the payments described above, De la Riva relinquishes all legal and equitable right, title, and interest to the funds and assets he has previously turned over or has agreed to turn over to the Receiver, and no part of the funds and assets shall be returned to him.

De La Riva shall receive the remaining 15 percent of the equity and the home furnishings in the homestead as follows: upon entry of this Final Judgment, De la Riva and his wife will deed the homestead to the Receiver. Upon the turnover of the homestead, the Receiver shall pay De la Riva one-half of the 15 percent equity estimated at the turnover date; six months from entry of the Final Judgment, the Receiver shall pay De La Riva an additional $40,000; and the Receiver shall pay De la Riva the remaining amount upon sale of the homestead. In no case shall De la Riva receive less than $300,000 as his share of the equity in the homestead, and in no case shall he receive more than $400,000 as his share of the equity in the homestead.

The Court is also not ordering De la Riva to pay a civil penalty based on the sworn representations in his Statement of Financial Condition dated December 29, 2006 and other documents and information submitted to the Commission. The determination not to impose a civil penalty and to waive partial payment of disgorgement and pre-judgment interest is

contingent upon the accuracy and completeness of De la Riva's sworn Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that De la Riva's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time De la Riva made such representations, the Commission may, at its sole discretion and without prior notice to De la Riva, petition the Court for an order requiring De la Riva to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information De la Riva provided under oath was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time De la Riva provided the information. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering De la Riva to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. De la Riva may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the complaint filed by the Commission; (3) assert that the Court should not order payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that De la Riva shall comply with the provisions of the Consent, and that the Consent is incorporated by reference into this Final Judgment as if fully set forth herein.

IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and De la Riva in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 21st day of May, 2007 at Miami, Florida.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies:

Roger Cruz, Esq.
Securities and Exchange Commission
*Attorney for Plaintiff*

Manjit Gill, Esq.
Kathy E. Rentas, Esq.
Becker & Poliakoff, P.A.
*Attorney for Defendant De La Riva*

David M. Levine, Esq.
Tew Cardenas, LLP
*Counsel for Thomas G. Schultz, Receiver*

6