UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 05-20863-CIV-MOORE/GARBER

SECURITIES AND EXCHANGE COMMISSION

        **Plaintiff,**

v.

PENSION FUND OF AMERICA L.C.
PFA ASSURANCE GROUP, LTD.,
PFA INTERNATIONAL, LTD., CLAREN TPA,
LLC, LUIS M. CORNIDE, AND ROBERT
DE LA RIVA,

        **Defendants.**
_____/

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS PENSION FUND OF AMERICA L.C., PFA ASSURANCE GROUP, LTD., PFA INTERNATIONAL, LTD., AND CLAREN TPA, LLC

Defendants Pension Fund of America L.C., PFA Assurance Group, Ltd., PFA International, Ltd., and Claren TPA, LLC (together, "Defendants"), by the Consent (DE # 574-2) attached to Plaintiff's Motion to Approve Consent Judgment (DE # 574), without admitting or denying the allegations of the complaint filed by the Securities and Exchange Commission, except that they acknowledge service of the complaint on them and admit the jurisdiction of this Court over them and over the subject matter of this action, have agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief Against Defendants Pension Fund of America L.C., PFA Assurance Group, Ltd., PFA International, Ltd., and Claren TPA, LLC ("Final Judgment"). Defendants have furthermore waived findings of fact and conclusions of law and have waived any right to appeal from this Final Judgment. This Court, having accepted their Consent and

having jurisdiction over them and the subject matter of this action, and being fully advised in the premises, orders as follows:

## I.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AS TO DEFENDANTS

**IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion to Approve Consent Judgment (DE # 574) is GRANTED.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants, their directors, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are restrained and enjoined from:

### Section 17(a)(1) of the Securities Act of 1933

A.  Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. 77q(a)(1).

### Section 17(a)(2) & (3) of the Securities Act of 1933

B.  Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon

purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) & (3).

### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

C.   Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

## II.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's disgorgement and civil penalty claims against Defendants Pension Fund of America L.C., PFA Assurance Group, Ltd., PFA International, Ltd., and Claren TPA, LLC are dismissed.

## III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants shall comply with the provisions of the Consent, and that the Consent is incorporated by reference into this Final Judgment as if fully set forth herein.

## IV.

3

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

## V.

## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this 2/8 day of May, 2007 at Miami, Florida.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

Copies:

Roger Cruz, Esq.
Securities and Exchange Commission
*Attorney for Plaintiff*

Manjit Gill, Esq.
Kathy E. Rentas, Esq.
Becker & Poliakoff, P.A.
*Attorney for Defendants Cornide and De la Riva*

David M. Levine, Esq.
Tew Cardenas, LLP
*Counsel for Thomas G. Schultz, Receiver*