**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 05-20863-CIV-MOORE**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

      **Plaintiff,**

**v.**

**PENSION FUND OF AMERICA, L.C.,**
**PFA ASSURANCE GROUP, LTD.,**
**PFA INTERNATIONAL, LTD., CLAREN**
**TPA, LLC, LUIS M. CORNIDE, and**
**ROBERT DE LA RIVA,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

      **THIS CAUSE is before the Court by Order of reference from United States District Judge K. Michael Moore [D.E. 729].  Pursuant to such reference, the Court has received the Application for Allowance And Payment of Compensation and Reimbursement of Expenses to the Receiver and his Retained Professionals For Period of January 1, 2008 through August 31, 2008 [D.E. 711].  Counsel for the Receiver has appended a Certification to this Application advising that the Receiver is notifying the holders of allowed claims of the filing of the Application in a cover letter included with the claim holders' first interim distribution checks via DHL overnight delivery prior to October 15, 2008 [D.E. 711 at 22].  The Certification also advises that the Receiver will post on the receivership website simultaneously with the filing of the Application, a notice advising the he is filing this Application and that a copy can be obtained upon request.   The Court has reviewed the docket in this cause and notes that no objections to the**

Application for Allowance And Payment of Compensation and Reimbursement of Expenses to the Receiver and his Retained Professionals For Period of January 1, 2008 through August 31, 2008 have been filed and the Court is unaware of any objections.

## FACTUAL BACKGROUND

This cause was instituted by the filing of a complaint by the Securities Exchange Commission seeking the entry of an injunction against the defendants from engaging in the activities that were alleged in the complaint, to take possession of all property, assets and estates of the Defendants and for the appointment of a receiver to prevent the dissipation of assets and to perform all of the duties and obligations set forth in the Orders Appointing the Receiver.

By Order dated March 28th, 2005 [D.E. 16], the Court entered its Order Appointing Receiver, and on April 15th, 2005, [D.E. 57], its Amended Order Appointing Receiver. Pursuant to such Orders, the Court appointed Thomas G. Schultz to serve as Receiver, specifically delineating his powers and authority.

The Receiver thereafter engaged the law firm of Tew Cardenas as counsel for the Receiver.   The Receiver also retained the services of the accounting firm Berkowitz, Dick Pollack & Brant ("Berkowitz Dick") as tax accountants.   The Application seeks payment of compensation and reimbursement of expenses for the Receiver and his professionals (Tew Cardenas and Berkowitz Dick) for the period of January 1, 2008 through August 31, 2008.  The Court has carefully examined the Application, the summaries of the times expended by the Receiver and his professionals, as well as their hourly rates, and has considered the various claims for costs and expenses.  The Court notes that the Receiver, his attorneys, and accountants have capped their hourly rates at $350.00 for the Receiver and his senior attorney, at $250.00 for the accountants, and at

2

$125.00 for paralegals at Tew Cardenas.  Such capped rates are significantly lower than their usual hourly rates. *See*, [D.E. 711 at 14-17].

**DISCUSSION**

The Court recognizes the complexities of this receivership and efforts required to marshal the assets and preserve and recover same.  The Court, in considering the reasonableness of the fees and costs sought, has considered the factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as well as the nature and extent of the services rendered and their value.   Although *Johnson* involved an award of fees in a civil rights action, consideration of its factors is helpful to the Court.  The *Johnson* factors are:  (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the underdesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  The Court finds that applying the *Johnson* factors to the fees and costs requested by the Receiver and his professionals that the requested fees and costs are reasonable.

In particular, based upon the Court's experience in other similar cases, the Court finds that the amount of fees sought are consistent with or below those charged in similar cases in this community.  The Court notes that the Receiver and his professionals have handled this case in a highly professional manner with a view towards an expeditious resolution.   Such excellent efforts are evident through the

recent distribution in October 2008 of approximately $31.6 million to investors and creditors holding allowable claims as reported by the Receiver in the Application [D.E. 711 at 2].  In addition, the Receiver advises that the estimated allowed amount of the claims, to the date of the filing of the Application, is $69.7 million.   The Receiver reports that this recovery provides all PFA investors with allowable claims to recoup 60% of their actual losses and notes that said amount may increase depending on the final allowed amount of claims.  Further, the Receiver also reports that he anticipates additional future distributions based upon future release of estate case reserves, future recoveries based upon pending settlements, and the liquidation of remaining assets.

During the period for which fees and costs are sought the Receiver, his counsel, and accountants achieved outstanding results including, but not limited to, the following: obtaining Court approval of an omnibus order that disposed of numerous claims based upon a motion prepared by Receiver and his counsel after a review of over 3,350 proofs of claim and preparation of comprehensive omnibus objections to hundreds of claims, including one set of objections to claims totaling over $16 million [D.E. 668, 669]; resolving numerous claims and negotiating resolutions to claim objections, leaving only a few disputed claims to be resolved, many of which were disposed of by summary disposition after counsel for the Receiver conducted document and deposition discovery [D.E. 688-693]; securing approval of the sale of Robert De La Riva's former residence at a negotiated price of $2.550 million, which ultimately is anticipated to realize approximately $1 million for the receivership estate [D.E. 675, 678]; preparing an omnibus motion seeking approval of additional settlements [D.E. 672]; all while maintaining communication with over 4500 investors to advise them of important developments in the case.  All of such services, as well as others set forth in the

4

Application, resulted in moving this matter to resolution and recovering substantial assets, all to the benefit of investors.

The Court, after a thorough review of submissions of the Receiver, finds that the requests for fees and expense for the eight month period from January 1, 2008 through August 31, 2008 for the Receiver, the Receiver's Counsel Tew Cardenas, and the accounting firm of Berkowitz & Dick are all reasonable and for services performed that were necessary in this cause.  The Court further finds that applications for costs and expenses were appropriate, reasonable and necessary.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned respectfully

RECOMMENDS that the Application for Allowance And Payment of Compensation and Reimbursement of Expenses to the Receiver and his Retained Professionals For Period of January 1, 2008 through August 31, 2008 be GRANTED as follows:

1. That the Receiver Thomas G. Schultz be allowed compensation in the amount of $95,200.00 for 272 hours at an hourly reduced rate of $350.00, such amount to be paid by the receiver[1];

2. That the law firm of Tew Cardenas, LLP., the Receiver's counsel, be allowed compensation as legal fees in the amount of $509,202.00, and reimbursement expenses of $9,459.38, such amounts to be paid by receiver;

3. That Berkowitz Dick be awarded interim compensation in the amount of

---

[1] The Application listed 460 hours expended but included the total calculation amount reflecting 272 hours which is consistent with the Professional Fees bill submitted in support of the Application. See [D.E. 711 at 15, D.E. 711-2 at 21].  Thus, the undersigned has recommended an award calculated at  272 hours as reflected in the Professional Fees bill.

$19,381.25 and expenses of $66.75, such amount to be paid by the receiver.

It is further RECOMMENDED that such fees are interim and without prejudice to the rights of the applicants herein to apply for additional compensation and reimbursement for additional services and expenses not requested in the subject Application, should additional compensation and reimbursement be warranted.

The parties will have ten (10) days from the date of service of this Order within which to file written objections, if any, for consideration by United States District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND ORDERED in Chambers in Miami, Florida, on November 19, 2008.


_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable K. Michael Moore, United States District Judge
All counsel of record

6