IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SECURITIES AND EXCHANGE
COMMISSION

        Plaintiff,

vs.

PENSION FUND OF AMERICA, L.C.,
PFA ASSURANCE GROUP, LTD., PFA
INTERNATIONAL, LTD., CLAREN TPA,
LLC, LUIS M. CORNIDE and ROBERT
DE LA RIVA,

        Defendant.
_____/

Case No. 05-20863-
CIV-MOORE/GARBER

MARCELLA CORDOVA, JORGE
FLORES, HENRY IURMAN, MARCOS
MUSTIELES, and KATIA OCAMPO,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

LEHMAN BROTHERS, INC., a New York
Corporation; MERRILL LYNCH & CO.,
INC., a Delaware Corporation; RAYMOND
JAMES FINANCIAL SERVICES, INC., a
Florida Corporation; OLIVA
INVESTMENT GROUP, INC., a Florida
Corporation; SUNTRUST BANKS, INC., a
Georgia Corporation, and HSBC BANK,
U.S.A., LUIS CORNIDE and ROBERT A.
DE LA RIVA,

        Defendants.
_____/

Case No. 05-21169-
CIV-MOORE-GARBER

**FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE**

THIS MATTER came before the Court upon the Receiver and Lead Plaintiffs' Motion for Final Approval of Settlement (dkt # 745). A hearing was conducted on November 20, 2008. The Receiver and Lead Plaintiffs seek approval of the following settlements (the "Settlements")[1]:

(1) A settlement between Plaintiffs, the Receiver, and Ocean Bank dated January 14, 2008 ("OB Settlement");

(2) A settlement between Plaintiffs, the Receiver, and Rasco, Reininger, Perez, Esquenazi & Vigil, P.L. dated January 23, 2008 ("RRPEV Settlement");

(3) A settlement between Plaintiffs, the Receiver, and Bermudez, Tome & Haralson LLP and Paul Haralson, Esq., and their insurer, Medmarc Casualty Insurance Company dated December 6, 2007 ("Haralson Settlement"); and

(4) A settlement between Plaintiffs, the Receiver, and Raymond James Financial Services and Olivia Investment Group dated May 5, 2008 ("RJFS/OIG Settlement"). (OB, RRPEV, Haralson, and RJFS/OIG are collectively referred to herein as "Settling Parties").

(5) The Court having reviewed and considered the Receiver's and Lead Plaintiffs' Motion for Final Approval of Settlements and Plaintiffs' Motion for Attorneys' Fees and Incorporated Memorandum of Law (dkt # 378), and having reviewed and considered the terms and conditions of the proposed settlements (the "Settlements") as set forth in the Stipulations of Settlement dated

---

[1] The Plaintiffs, the Receiver and Lehman Brothers Inc. ("Lehman") entered into a settlement agreement dated May 22, 2008 (the "Lehman Settlement"). Subsequent to the Lehman Settlement, on September 19, 2008, the United States District Court for the Southern District of New York, entered the Order Commencing Liquidation (the "Lehman Liquidation Order"), pursuant to the provisions of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq. in the case captioned Securities Investor Protection Corp. v. Lehman Brothers Inc., Case No. 08-CIV-8119 (GEL). The Lehman Liquidation Order, inter alia, appointed James W. Giddens as Trustee for the liquidation of the business of Lehman, appointed Hughes Hubbard & Reed LLP ("HHR") counsel to the Trustee, referred the action to the United States Bankruptcy Court for the Southern District of New York to proceed as the matter captioned Securities Investor Protection Corp. v. Lehman Brothers Inc., Adv. Pro. No. 08-01420 (JMP), and stayed, pursuant to 11 U.S.C. § 362, the commencement or continuation of all judicial proceedings against Lehman that had been commenced prior to the Lehman Liquidation Order (the "Bankruptcy Stay"). Accordingly, in light of the Bankruptcy Stay, the Court has not undertaken to review or approve the Lehman Settlement and the Lehman Settlement is expressly excluded from the term "Settlements" as used herein.

as set forth above (the "Stipulations"), copies of which have been submitted to the Court, and having reviewed and considered the applications of Plaintiffs' Settlement Counsel for an award of attorneys' fees and expenses, and the Court having held a Fairness Hearing after being satisfied that notice to the Settlement Class Members had been provided in accordance with the Court's Order Preliminarily Approving Settlement and Providing for Notice entered on September 15, 2008 (dkt # 375) (the "Preliminary Approval Order"), and the Court having been advised that Lehman is presently in bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York ( dkt # 376), and that the Bankruptcy Stay prevents consummation of the Lehman Brothers' settlement without leave of the Bankruptcy Court, and the Court being further advised that the Plaintiffs and the Receiver wish to proceed with the approval of the remainder of the Settlements other than the Lehman Settlement, and the Court having taken into account the lack of any objections to the Settlements or to Plaintiffs' counsel's fee application, the Court makes the following findings:

  A. This Judgment incorporates by reference the definitions in the Stipulations, and all terms used herein shall have the same meanings as set forth in the Stipulations, unless otherwise set forth herein.

  B. This Court has jurisdiction over the subject matter of the Cordova Litigation and SEC Action pursuant to 28 U.S.C. §§ 1331, and over all parties thereto, including all Settlement Class Members.

  C. Notice to members of the Settlement Class has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice constitutes the best means of notice to members of the Settlement Class that is practicable under the circumstances and is due and sufficient notice of the Settlements and the Fairness Hearing to

all persons affected by and/or entitled to participate in the Settlements or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

D. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlements and has been advised that there are no objections to the Settlements.

E. The Settlements are the product of good faith, arm's length negotiations between Plaintiffs' Counsel on behalf of the Plaintiffs and the Settlement Class, Receiver through his counsel, and the Settling Parties, through their counsel.

F. The Settlements, as provided for in the Stipulations, are in all respects fair, reasonable, adequate and proper and in the best interest of the Settlement Class and the Receivership Estate. In reaching this conclusion, the Court has considered a number of factors, including: (i) an assessment of the likelihood that the Plaintiffs and/or the Settlement Class would prevail at trial; (ii) the range of possible recovery available to Plaintiffs and/or the Settlement Class as a result of such a trial; (iii) the consideration provided to Settlement Class Members pursuant to the Settlements, as compared to the range of possible recovery discounted for the inherent risks of further litigating these actions; (iv) the complexity, expense and possible duration of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the Settlements; and (vi) the stage of proceedings at which the Settlements were reached.

G. Specifically, the Settlements call for the Settling Parties (which shall be defined to include the below parties, but shall not include Lehman) to contribute the following amounts to the Settlement Fund:

(1) OB will pay $1,000,000 to the Settlement Fund;

(2) RRPEV will pay $700,000 to the Settlement Fund;

(3) Haralson will pay $235,000 to the Settlement Fund; and

(4) RJFS/OIG will pay $20,000 to the Settlement Fund,

for a total of $1,955,000.00 in payments to the Settlement Fund.

H. Finally, the Settlements provide for distribution by the Receiver of the Net Settlement Fund, defined as $1,955,000.00 less Court-awarded attorneys' fees and expenses, pro rata to Settlement Class Members to the extent of their allowed claims in the Receivership Case, without the necessity of filing additional proofs of claim, which will insure expeditious distribution. By achieving these Settlements, the putative plaintiff class will receive a considerable distribution of money at a time when the viability of these cases is highly questionable, given this Court's order dismissing the remaining claims against all Defendants. (dkt # 356).

I. The Court notes that no Settlement Class Members have elected to opt-out of the Settlements and the Settlement Class. Accordingly, all Settlement Class Members (as permanently certified below only for purposes of these Settlements) shall be subject to all of the provisions of the Settlements, the Stipulations, this Order and the Judgments to be entered by the Clerk of the Court.

J. The bar order provision of this Order, which prohibits the assertion of claims against the Settling Parties, as set forth below, is a condition of the Settlements and a significant component of the consideration afforded to Settling Parties in the Settlements, and that provision is reasonable under the circumstances. Supporting this conclusion is the fact that as an express term of that provision, the persons who are enjoined from asserting any claims against the Settling Parties shall have any subsequent verdict in the Cordova Litigation reduced by the amount of the Settling Parties' payments to the Settlement Fund as a result of the Settlements. To

the extent that a Non-Settling Defendant's claims against the Settling Parties have been barred and permanently enjoined, the claims of the Settling Parties against that person or entity respecting those Released Claims are similarly finally and fully barred.

    K.    The dismissal with prejudice and entry of Judgment contemplated by the Settlements and this Order will dispose of fewer than all of the claims at issue, or parties to, the Cordova Litigation only to the extent that the claims against Lehman remain stayed by the Bankruptcy Stay and those against Suntrust remain at issue on appeal. The Court finds that there is no just reason for delay in entering judgments (the "Judgments") dismissing the Action with prejudice as to the Settling Defendants and that entry of the Judgments to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

On the basis of the foregoing findings and the submissions and proceedings referred to above, it is hereby ORDERED AND ADJUDGED:

    1.    Pursuant to Federal Rule of Civil Procedure 23(e), this Court finds that the Settlements as set forth in the Stipulations are, in all respects, fair, reasonable and adequate to the Settlement Class and the Receivership creditors, the result of good-faith and arm's-length negotiations and are hereby finally approved in all respects. The Court further finds: a) that the Settlements will result in significant benefits to the Receivership Estate by avoiding the continued risk, expense and delay inherent in all litigation, and payment of significant settlement amounts followed by significant distributions to Receivership creditors; and b) these compromises fall well within the range of reasonableness. The Settling Parties are hereby directed to perform the Settlements' terms.

    2.    This Court certifies a Settlement Class for settlement purposes only. This Court finds and concludes that the prerequisites for a class action have been satisfied in that: (a) the

Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Cordova Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Settlement Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Cordova Litigation.

    3.    "Settlement Class" means all Persons (other than those Persons who timely and validly request exclusion from the Settlement Class) who purchased, sold, held, and/or retained investments in "retirement trust" plans offered by PFA, or its affiliated companies, during the period commencing January 1999 through the present ("Class Period"). Excluded from the Class are the Defendants, PFA, PFA Assurance, PFA International, Claren TPA, Luis Cornide, Robert de la Riva and all of the Defendants' alter-ego entities, all employees or agents of Defendants and agents of the Defendants' alter-ego entities, all subsidiaries and affiliates of the Defendants, the Defendants' officers, agents, and employees, any agents or brokers (and their immediate family members) who sold or solicited the sale of investments in PFA or PFA Assurance. To the extent not already addressed by this Court, and for purposes of these Settlements only, Plaintiffs are certified as representatives of the Settlement Class and Plaintiffs'

Settlement Counsel are appointed counsel to the Settlement Class. The Court concludes that Plaintiffs' Settlement Counsel and Plaintiffs have fairly and adequately represented the Settlement Class with respect to the Settlements and the Stipulations.

4. Notwithstanding the certification of the foregoing Settlement Class and appointment of class representatives for purposes of effecting the Settlements, if this Order is reversed on appeal or the Stipulations are terminated or are not consummated for any reason, the foregoing certification of the Settlement Class and appointment of class representatives shall be void and of no further effect and the Settling Parties shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the Settling Parties might have asserted but for the Settlements and Stipulations. The certification of the Settlement Class and appointment of Plaintiffs and Settlement Class Counsel shall have no effect on the pending litigation between Plaintiffs and any Non-Settling Defendant or entity.

5. The Notice given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the class certification for settlement purposes, the proposed Settlements set forth in the Stipulations, and the Settlement Approval Hearing to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

6. The Cordova Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other members of the Settlement Class, as against each and all of the Releasees. The Settling Parties are to bear their

own costs, except as otherwise provided in the Stipulations.

7.   The Receiver shall calculate the payment amounts to Settlement Class Members based on their allowed claims in the Receivership Action, and shall oversee distribution of the Net Settlement Fund to the Settlement Class Members who did not timely opt out of the Settlements.

8.   The Court approves the plan of allocation by the Receiver of the Net Settlement Fund and other future distributions by the Receiver as follows:

   a.   The Net Settlement Fund shall be distributed by the Receiver pro-rata to Settlement Class Members to the extent of their allowed claims in the Receivership Case subject to deduction of IPM's collateral source recovery, as more fully set forth in the Motion for Preliminary Approval (dkt # 672). "Pro-rata" shall mean that each claimant with an allowed claim receives a distribution the amount of which is calculated as follows: the amount to be distributed to all claimants multiplied by a fraction, the numerator of which is the amount of the claimant's allowed claim and the denominator of which is the total of all allowed claims.

   b.   The Receiver will distribute all other future distributions pro-rata to Settlement Class Members and other authorized claimants to the extent of their allowed claims in the Receivership Case (subject to deduction of IPM's collateral source recovery). Any remaining proceeds of the settlements approved by Orders of the Court under dkt #'s 621, 622 and 623 shall be distributed as set forth in the plans of distribution set forth in those Orders.

9. Upon the Effective Date hereto, the Plaintiffs, each of the Settlement Class Members, including but not limited to each of their respective successors, predecessors, assigns, attorneys (including Settlement Class Counsel), heirs, representatives, administrators, executors, legatees, and estates, and the Receiver, his agents, employees, attorneys, retained professionals and successors and assigns, shall be deemed to have, and by operation of this Order approving the Stipulations and the Final Judgments shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice all Released Claims against the Releasees. (including Unknown Claims).

10. Upon the Effective Date, as defined in each Stipulation, each of the Releasees, including but not limited to each of their respective successors, predecessors, assigns, attorneys, (including the Settling Parties' counsel), heirs, representatives, administrators, executors, legatees, and estates, shall be deemed to have, and by operation of the order approving the Stipulations and the Judgment shall have, fully, finally, and forever released, relinquished, discharged and dismissed with prejudice each and all of the Settlement Class Members, Plaintiffs' Settlement Counsel and the Receiver and his agents, employees and retained professionals, and successors and assigns, from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Cordova Litigation, the Receivership Estate or the Released Claims.

11. Neither the Stipulations nor the Settlements contained therein, nor any act performed or document executed pursuant to or in furtherance of the Judgments, the Stipulations or the Settlements: (a) is or may be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, or of any fault, wrongdoing, liability, misrepresentation or omission of the Releasees or of any infirmity in the defenses that the Settling Parties asserted or

could have asserted relating to the Released Claims; (b) is or may be deemed to be or used as an admission of, or evidence of, any fault, wrongdoing, liability, misrepresentation or omission of any of the Settling Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) may be alleged by or on behalf of any Settlement Class Member in any litigation or other action unrelated to the enforcement of the Stipulation. Provided, however, that the Settling Parties may file or offer into evidence the Stipulations, Judgments and/or the releases executed pursuant thereto in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment, this Court hereby retains continuing jurisdiction over: (a) implementation of these Settlements and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulations.

13. The Court finds that during the course of the above-captioned litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. The Releasees are by virtue of the Settlements hereby released and discharged from all claims for contribution that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by the Private Securities Litigation Reform Act ("PSLRA"), the Court hereby bars all claims for

contribution arising out of, relating to, or in connection with the Released Claims: (a) against the Releasees; and (b) by the Releasees against any person or entity (the "Reform Act Bar Order").

15. The Releasees are by virtue of the Settlements hereby released and discharged to the fullest extent allowed by law from and against any and all claims, however styled, whether for indemnification, contribution, or otherwise arising out of or relating to the acts and transactions that are the subject of the Cordova Litigation or Released Claims, whether arising under federal, state, or common law (the "Complete Bar Order").

16. Pursuant to the PSLRA, by virtue of the Settling Parties entering into these Settlements with Plaintiffs and the Settlement Class prior to final judgment or verdict of all claims and parties, any subsequent verdict or judgment against the Non-Settling Defendants in the Cordova Litigation shall be reduced by the amount the Settling Party paid to the Settlement Fund as a result of the Settlements.

17. In the event that the Settlements do not become effective in accordance with the terms of the Stipulations, or the Effective Date does not occur, or in the event that the Settlement Fund is returned to the Settling Parties in accordance with the Stipulations, then this Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulations and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations.

18. There is no just reason for delay in the entry of this Final Judgment and Order as to Defendants, RAYMOND JAMES FINANCIAL SERVICES, INC., and OLIVA INVESTMENT GROUP, and immediate entry by the Clerk of the Court is expressly directed

pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of November, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[2] Settling Parties OB, Haralson, and RRPEV are not Defendants in this litigation, and thus no judgment will be entered as to them.